## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **WILLIE KING, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | Civil Action Number |
| **v.** | ) | **5:17-cv-01833-AKK** |
| | ) | |
| **WEST MORGAN-EAST** | ) | |
| **LAWRENCE WATER AND** | ) | |
| **SEWER AUTHORITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

The Plaintiffs bring this action individually and on behalf of a putative class of similarly situated individuals for personal injuries allegedly caused by exposure to pollutants in the Tennessee River.  The Plaintiffs assert claims of negligence, nuisance, fraudulent concealment, and wantonness against the West Morgan-East Lawrence Water and Sewer Authority (the "Authority"), 3M Company, Dyneon, L.L.C.,[1] and Daikin American, Inc.  Doc. 8.  Currently before the court are 3M's motion to stay, doc. 9, motion to dismiss the amended complaint, doc. 14, and motion to file supplemental brief, doc. 27.  The motions are fully briefed and ripe for review.  Docs. 9, 15, 17, 18, 19, 27, and 28.  For the reasons stated below, the

---

[1] Dyneon, L.L.C. is a wholly owned subsidiary of 3M Company.  Doc. 8 at 2.  Unless otherwise indicated, the court refers to Dyneon and 3M Company collectively as "3M."

motion to dismiss is due to be granted solely as to the private nuisance claims, and the motions to stay and for leave are due to be denied.

## I.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must . . . state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations omitted) (internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). When considering a motion to dismiss under Rule 12(b)(6), the court accepts "the allegations in the complaint as true and construe[s] them in the light

most favorable to the plaintiff." *Hunt v. Aimco Props., L.P.* 814 F.3d 1213, 1221

(11th Cir. 2016).

## II. FACTUAL BACKGROUND[2]

This action arises from 3M's and Daikin's discharge of perflurooctanoic acid

("PFOA"), perflurooctanesulfonic acid ("PFOS"), and related chemicals into the

Tennessee River and its tributaries. Doc. 8 at 5-13. Specifically, the Plaintiffs

plead that 3M and Daiken own and operate manufacturing and disposal facilities in

Decatur, Alabama that allegedly "continue to release PFOA, PFOS, and related

chemicals into groundwater and surface water through which the chemicals are

discharged into the Tennessee River and its tributaries." *Id.* at 6. *See also id.* at 7.

The Plaintiffs further allege that these Defendants also discharge the contaminated

wastewater into the Decatur Utilities Wastewater Treatment Plant. *Id.* at 6-7.

Allegedly, the chemicals in question, PFOA and PFOS, persist in the environment

because they have no known environmental breakdown mechanism. *Id.* at 8. In

addition, the human body readily absorbs PFOS and PFOA, and the chemicals tend

to accumulate over time with repeated exposure. *Id.* Studies, including one by an

independent science panel, have found a probable link between PFOA and PFOS

exposure and kidney and testicular cancer. *Id.* Other human health risks include

---

[2] The facts are taken from the Amended Complaint, doc. 8, and are presumed true. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'").

thyroid disease, ulcerative colitis, pregnancy-induced hypertension, and high cholesterol. *Id.* at 8-9. The Plaintiffs, who have been diagnosed with kidney, cancer, thyroid disease, hyperthyroidism, thyroid cancer, or ulcerative colitis, allege that 3M has known for at least 35 years that PFOA, PFOS, and related chemicals are toxic, persist in the environment, and accumulate in the human body. *Id.* at 3-5, 9-10.

The Authority draws water from the Tennessee River to provide to its customers in Morgan and Lawrence County, Alabama. *Id.* at 7. The Plaintiffs allege that, despite knowing about the potential risks of PFOA and PFOS exposure, 3M continues to discharge PFOA, PFOS, and related chemicals into the River thirteen miles upstream from the Authority's water intake source. *Id.* at 9. As a result, the Authority "has distributed and continues to distribute water containing these chemicals to Plaintiffs." *Id.* at 7, 12. Since 2009, the Authority has consistently found PFOA levels at 0.1 ppb and PFOS levels at 0.19 ppb in the water it provides to the Plaintiffs and the proposed class. *Id.* at 3, 11-12.

## III.   ANALYSIS

The Plaintiffs allege personal injuries from their exposure to unsafe levels of PFOA, PFOS, and related chemicals in their drinking water, and assert common law claims for negligence, nuisance, fraudulent concealment, and wantonness against 3M. Doc. 8 at 12-13, 17-22. 3M has moved to dismiss all claims against

them, doc. 15, and has also moved to stay in light of *West Morgan-East Lawrence Water and Sewer Authority, et al. v. 3M Company, et al*., a previously-filed class action currently pending before this court as Case No. 5:15-cv-01750-AKK, doc. 9. The court turns now to the parties' respective contentions, beginning with the motion to stay.

### A.    Motion to Stay

According to 3M, the Plaintiffs' claims "are similar to and subsumed by the class claims in the West Morgan Action." Doc. 9 at 1. This contention overlooks that, unlike this case, the West Morgan Action does not involve any claims for personal injuries. *See West Morgan-East Lawrence Water and Sewer Authority v. 3M Company*, 208 F. Supp. 3d 1227, 1233 and 1238 (N.D. Ala. 2016) (finding that the plaintiffs could not pursue nuisance or negligence claims based on personal injuries because the claims were not ripe). In addition, the Authority, which is a defendant in this case, is a plaintiff in the West Morgan Action. *See* doc. 8; Doc. 39 in Case No. 5:15-cv-01750-AKK. Thus, the claims in these two lawsuits are not substantially similar to warrant a stay of this case.

### B.    Motion to Dismiss

3M raises two primary arguments for dismissal: (1) that the claims against them are time-barred, and (2) that the Plaintiffs have failed to plead viable claims. Doc. 15 at 16-26.

1. <u>Whether the Plaintiffs' claims are time-barred</u>

Under Alabama law, a two-year statute of limitations applies to negligence, nuisance, fraudulent concealment, and wantonness claims. *See* Ala. Code § 6-2-38(l); *Ex parte Capstone Bldg. Corp.*, 96 So. 3d 77, 86 (Ala. 2012). Relevant here, in toxic exposure cases, the two-year period generally begins to run when the plaintiff sustains "'a manifest, present injury.'" *Griffin v. Unocal*, 990 So. 2d 291, 293 (Ala. 2008) (quoting *Cline v. Ashland, Inc.*, 970 So. 2d 755, 761 (Ala. 2007) (Harwood, J. dissenting)). An injury manifests when it "has evidenced itself sufficiently that its existence is objectively evident and apparent, even if only to the diagnostic skills of a physician." *Id.* at 311 (quoting *Cline*, 970 So. 2d at 773 (Harwood, J. dissenting)). But, under Alabama law, "when a defendant commits a continuing tort, the statute of limitations is tolled until the defendant ceases the tortious conduct." *West-Morgan-East Lawrence Water and Sewer Authority v. 3M Company*, 208 F. Supp. 3d 1227, 1232 (N.D. Ala. ) (citing *AC, Inc. v Baker*, 622 So. 2d 331, 335 (Ala. 1993)). A continuing, or continuous, tort refers to "a defendant's repeated tortious conduct which has repeatedly and continuously injured a plaintiff." *Moon v. Harco Drugs, Inc.*, 435 So. 2d 218, 220-21 (Ala. 1983). The continuing tort doctrine applies when a defendant exposes a plaintiff "on a continuing basis to harmful substances and conditions; . . . and [] when a

plaintiff landowner seeks damages for the contamination of a well or stream." *Id.* (citations omitted).

A review of the amended complaint shows that the Plaintiffs allege that 3M continues to release PFOA, PFOS, and related chemicals into the Tennessee River and its tributaries, and that 3M has continued to deny and conceal the harmful effects of these chemicals. Doc. 8 at 6, 13. These allegations sufficiently allege continuing tortious conduct—a fact that 3M does not dispute. *See* doc. 19 at 3-5. Rather, 3M contends instead that, because the Plaintiffs allege specific, manifest personal injuries caused by exposure to PFOA and PFOS in drinking water, the continuing tort doctrine does not apply, and the statute of limitations started to run for each Plaintiff's claims when he or she received a diagnosis of disease. *Id.* at 3. Even accepting 3M's contention as correct, 3M's argument for dismissal is not persuasive because the Plaintiffs have not alleged when they received diagnoses of their diseases, *see* doc. 8 at 3-5, and, as such, it is not clear from the Amended Complaint that the statute of limitations on their claims has run. *See Foster v. Savannah Comm.*, 140 F. App'x 905, 907 (11th Cir. 2005) ("[F]ailure to comply with the statute of limitations may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6), when failure to comply with the statute of limitations is plain on the face of the

complaint.") (citing *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982)).[3]

3M also argues that the Plaintiffs' claims are time-barred under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq.*, ("CERCLA"), which preempts Alabama's statute of limitations to the extent that Alabama law provides for a date of accrual before the "federally required commencement date" ("FRCD") imposed by CERCLA. Doc. 15 at 16-17. The FRCD is "the date the plaintiff knew (or reasonably should have known) that the personal injury or property damages . . . were caused or contributed to by the hazardous substance or pollutant or contaminant concerned." 42 U.S.C. § 9658(b)(4)(A). 3M's argument is based on its contention that the FRCD in this case is no later than October 5, 2015, when a group of Morgan and Lawrence County residents filed the West Morgan Action. Docs. 15 at 17-18; 19 at 4-5. At this stage in the case, however, 3M has not shown that the Plaintiffs'

---

[3] The court will also need additional briefing ultimately to decide whether 3M is correct that *Griffin v. Unocal Corporation* dictates a finding that the Plaintiffs claims accrued on the date of diagnosis. *See* doc. 15 at 16. In *Griffin*, the Supreme Court of Alabama overruled *Garrett v. Raytheon Company*, 368 So. 2d 516 (Ala. 1979), and its progeny, which held that "a personal-injury action based on exposure to hazardous chemicals accrues on the date of last exposure to those chemicals . . . ." 990 So. 2d at 293. The *Griffin* Court held instead that such actions accrue "'only when there has occurred a manifest present injury.'" *Id.* (quoting *Cline*, 970 So. 2d at 761 (Harwood, J. dissenting)). In *Griffin* and *Cline*, however, the plaintiff's injuries manifested <u>after</u> the date of last exposure, and neither case involved a continuing tort. *See id.* at 292; *Cline*, 755 (See, J. concurring). The *Griffin* Court did not address whether the rule it announced applies to continuing torts in which an injury manifests before the date of last exposure, and 3M has not cited any authority applying *Griffin* in the context of a continuing tort.

claims accrued before October 5, 2015 under Alabama law, and CERCLA only preempts the state's statute of limitations when a claim would accrue <u>before</u> the FRCD under state law. 42 U.S.C. § 9658(a)(1) ("In the case of any action brought under State law for personal injury or property damage, which are caused or contributed to by exposure to any hazardous substance . . . released into the environment from a facility, if the applicable limitation period of such actions (as specified in the State statute of limitations or under common law) provides a commencement date which is earlier than the [FRCD], such period shall commence at the [FRCD] in lieu of the date specified in such State statute."); *Evans v. Walter Indus., Inc.*, 579 F. Supp. 2d 1349, 1356 (N.D. Ala. 2008). Thus, even if the FRCD is no later than October 5, 2015, 3M has not established at this juncture that the Plaintiffs' claims are time-barred.[4]

---

[4] 3M seeks leave to file a supplemental brief to provide additional authority they "discovered" regarding the application of CERCLA's discovery rule. Doc. 27. The motion is due to be denied because the cases 3M cites were published before December 2017, *see* doc. 27-1, and, therefore, were available to 3M before briefing on their motion to dismiss closed. In addition, 3M argues in their supplemental brief that CERCLA's discovery rule does not apply in this case because the Plaintiffs did not plead sufficient facts to support a CERCLA claim. Doc. 27-1. 3M did not raise that argument in their initial brief, doc. 15, or in reply to an argument in the Plaintiffs' brief, doc. 19, which makes it improper at this juncture. *See Herring v. Sec'y, Dept. of Corr.*, 397 F.3d 1338, (11th Cir. 2005) ("As we repeatedly have admonished, 'arguments raised for the first time in a reply brief are not properly before a reviewing court.'") (quotation and alteration in original omitted). Finally, 3M's new argument would not change the court's analysis.

2.  <u>Whether the Plaintiffs state viable negligence and wantonness claims</u>

3M argues next that dismissal is warranted on the negligence and wantonness claims because the Plaintiffs failed to allege the existence of a duty owed to them by 3M and because the Authority's intervening acts are the proximate cause of Plaintiffs' injuries. Doc. 15 at 18-20. *See also, e.g., Martin v. Arnold*, 643 So. 2d 564, 567 (Ala. 1994) (requiring for negligence and wantonness claims a showing (1) that the defendants owed a duty to the plaintiffs, (2) a breach of that duty, (3) injury to the plaintiffs, and (4) proximate causation). First, as to the duty contention, "'[i]n general, every person owes every other person a duty imposed by law to be careful not to hurt him. . . . The key factor [in determining whether such a duty exists] is whether the [the plaintiff's] injury was foreseeable by the defendant.'" *Patrick v. Union State Bank*, 681 So. 2d 1364, 1368 (Ala. 1996) (quotation and internal quotation marks omitted). 3M contends that no duty exists in this case because the "Plaintiffs fail to allege facts demonstrating that it was reasonably foreseeable that any activity at [3M's] facilities would harm customers of a water provider's plan located 13 miles downstream, especially when that water provider withdraws and treats the water before distributing it to its customers." Doc. 15 at 19. But, the Plaintiffs allege that 3M has known for years about the toxicity of PFOA and PFOS and that the chemicals persist in the environment and are not effectively removed by conventional wastewater

10

treatment plant processes. Doc. 8 at 9-10. The Plaintiffs also allege that studies have linked exposure to these chemicals to diseases the Plaintiffs have been diagnosed with, including kidney cancer and thyroid disease. *Id.* at 3-4, 8-9. These allegations suggest that 3M could have reasonably foreseen that discharging PFOA and PFOS into the Tennessee River would injure the Plaintiffs, and are sufficient to plead the existence of a duty in this case.

Next, as to the intervening acts contention, 3M argues that the Plaintiffs' allegations establish that 3M's alleged conduct is not the proximate cause of the Plaintiffs' injuries. Doc. 15 at 19-20. Specifically, 3M contends that because the Plaintiffs allege that the Authority treated and distributed drinking water to them, the Authority is the intervening cause of the Plaintiffs' injuries. *Id.*; doc. 19 at 5-6. This contention is not persuasive because "[i]n order for conduct to be considered an intervening efficient cause, it must . . . be unforeseeable to the defendant at the time he acts, and [] be sufficient to be the sole cause-in-fact of the plaintiff's injury." *See Gilmore v. Shell Oil Co.*, 613 So. 2d 1272, 1275 (Ala. 1993) (citing *Gen. Motors Corp. v. Edwards*, 482 So. 2d 1176, 1194 (Ala. 1985)). Accepting the Plaintiffs' allegations as true, *see Grossman*, 225 F.3d at 1231, 3M could certainly foresee, when it discharged PFOA, PFOS, and related chemicals into the Tennessee River, that the Authority collects, treats, and distributes drinking water from the River, and that the Authority's water treatment processes were incapable

11

of removing the chemicals from the Plaintiffs' drinking water. *See* doc. 8 at 10. Consequently, the Plaintiffs' allegations do not establish that the Authority's alleged negligence is the intervening cause of the Plaintiffs' injuries, and 3M has not shown that the negligence and wantonness claims are due to be dismissed.

### 3.     Whether the Plaintiffs state a viable nuisance claim

3M argues that the Plaintiffs failed to state a claim for nuisance because the Plaintiffs did not identify whether they allege a private or a public nuisance and failed to allege facts to support such a claim. Docs. 15 at 20-24; 19 at 6-7. The motion is due be granted as to the private nuisance claim, which the Plaintiffs concede that they did not allege facts to support. Doc. 18 at 19, n.4.

As for the public nuisance claim, generally, "'a public nuisance gives no right of action to any individual, but must be abated by a process instituted in the name of the state.' [] However, an individual may have a cause of action under a public-nuisance theory if that individual suffered a 'special damage in which the public does not participate.'" *Russell Corp. v. Sullivan*, 790 So. 2d 940, 951 (Ala. 2001) (quoting Ala. Code § 6-5-121) (alteration in original omitted). "For private plaintiffs to have standing to bring a claim for public nuisance, they must show 'special damage' that is 'different in kind and degree from the damages suffered by the public in general.'" *West Morgan*, 208 F. Supp. 3d at 1234 (citing *Sullivan*, 790 So. 2d at 951). At issue here is 3M's contention that the Plaintiffs have not

alleged any special damages because they only claim damages that are common to all of "the Authority's approximately 10,245 customers." Docs. 15 at 24; 19 at 6-7. As the court stated previously in the related case, "although 25,000 is not 'one or a few individuals,' it also is not the 'general public,'" *West Morgan*, 208 F. Supp. 3d at 1234 n.5, and the same is true here for the Authority's approximately 10,000 customers. Moreover, 3M's contention ignores the Plaintiffs' allegations that their doctors have diagnosed them with diseases that do not affect the public at large, or even all of the Authority's customers. *See* doc. 8 at 3-5. *See also* doc. 8 at 14 (limiting the putative class to "persons who . . . have been diagnosed with high cholesterol, ulcerative colitis, thyroid disease, testicular cancer, kidney cancer, and pregnancy-induced hypertension"). Thus, the Plaintiffs sufficiently allege they suffered special injuries as a result of the contamination that are "different in degree and kind from the injury suffered by the public at large." *Lower Commerce Ins., Inc. v. Halladay*, 636 So. 2d 430, 431 (Ala. Civ. App. 1994). As a result, 3M's motion to dismiss the public nuisance claims is due to be denied.

                4.    <u>Whether Plaintiffs state a viable fraudulent misrepresentation claim</u>

Finally, 3M challenges the fraudulent concealment claim based on the Plaintiffs' purported failure to allege that 3M had a duty to disclose. Docs. 15 at 25-26; 19 at 7-8. *See also Flying J. Fish Farm v. Peoples Bank of Greensboro*, 12

So. 3d 1185, 1192 (Ala. 2008) (a fraudulent concealment claim requires (1) a duty to disclose material facts, (2) concealment or failure to disclose those facts, (3) which induced the plaintiff to act, and (4) resulting harm to the plaintiff) (citations omitted). "It is well established that a party's mere silence as to a material fact does not constitute fraud unless that party is under a duty to disclose that fact." *State Farm Fire & Cas. Co. v. Owen*, 729 So. 2d 834, 837 (Ala. 1998) (citations omitted). A duty to disclose may arise based on the particular circumstances of a case, including "the relationship of the parties, the value of a particular fact, [and] the relative knowledge of the parties . . . ." *Nationwide Mut. Fire Ins. Co. v. Guster Law Firm, LLC*, 944 F. Supp. 2d 1116, 1126 (N.D. Ala. 2013) (citation omitted). 3M is correct that generally "[s]uperior knowledge of a fact, without more, does not impose upon a party a legal duty to disclose such information." *Flying J. Fish Farm*, 12 So. 3d at 1192 (quotation omitted). Still, "when one party has superior knowledge of a fact that is unknown to the other party, and the lack of knowledge will induce the other party to act in a manner in which he otherwise might not act, the obligation to disclose is 'particularly compelling.'" *Liberty Nat. Life Ins. Co. v. McAlliste*r, 675 So. 2d 1292, 1296 (Ala. 1995) (quotation omitted).

The Plaintiffs allege various facts that support a finding of superior knowledge and a duty to disclose by 3M: "3M has known for at least 35 years that

PFOA, PFOS, and related chemicals are toxic;" "3M has known for at least 14 years that PFOA, PFOS, and related chemicals are not effectively treated by conventional wastewater treatment plan[t] processes;" 3M "knew that their actions contaminated the water of the Tennessee River and that it was used for public consumption, yet failed to warn Plaintiffs of the presence of these chemicals until Plaintiffs sustained irreparable injuries;" and "[t]o this day, [3M] still den[ies] the harmful effects of PFOS and PFOA." Doc. 8 at 10, 13. The Plaintiffs also allege that they "were unaware of the substantial risks of consuming and using contaminated water regularly" and suffered harm as a result. *Id.* at 20. Construing these allegations in the light most favorable to the Plaintiffs, they are sufficient to show that 3M had knowledge about the potential health risks of PFOS and PFOA contamination that was not available to the Plaintiffs and that the Plaintiffs' lack of knowledge of the risks induced them to regularly consume contaminated water. Based on these allegations, "consideration of the relative knowledge of the parties weighs heavily in favor of a legal duty [to disclose]." *Carter v. Chrysler Corp.*, 743 So. 2d 456, 463 (Ala. Civ. App. 1998). Thus, at this juncture, the Plaintiffs have pleaded sufficient facts to support a duty to disclose on their fraudulent concealment claim.[5]

---

[5] 3M also argues that the fraudulent concealment claim fails because the Plaintiffs do not and cannot allege that 3M acted "with the intent to induce [Plaintiffs] to act." Doc. 15 at 26. However, the Plaintiffs do not need to allege as such to state a cognizable claim. *See Flying J*

## IV.  CONCLUSION AND ORDER

For all of these reasons, 3M's motion to stay, doc. 9, and motion to file supplemental brief, doc. 27, are **DENIED**.  3M's motion to dismiss, doc. 14, is **GRANTED** as to the private nuisance claims, and these claims are **DISMISSED WITH PREJUDICE**.  In all other respects, the motion to dismiss is **DENIED**. The court will reserve ruling on the sufficiency of the class allegations until a later date.  *See United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 882 (11th Cir. 2003) (stating, in the context of ruling on a Rule 12(b)(6) motion, that "[i]n a class action, it is sufficient that a complaint generally give the defendant notice of the nature and scope of the plaintiffs' claims; it is not necessary that the class representatives plead evidence or otherwise meet any burden beyond the minimal Rule 8 standard").

3M and Dyneon shall answer the Amended Complaint by **April 5, 2019**.  In addition, the parties are **DIRECTED** to submit by **April 12, 2019** a Rule 26(f) report that has this case ready for trial by March 2021.

**DONE** the 13th day of March, 2019.

_Abdul Kallon_
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

*Fish Farm*, 12 So. 3d at 1192 (listing elements of the claim); *McAllister*, 675 So. 2d at 1296 ("A plaintiff attempting to prove fraudulent suppression need not prove an intent to deceive; the plaintiff has only to prove a breach of the defendant's duty to disclose the suppressed facts.") (citation omitted).