# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **WILLIE KING,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 5:17-cv-01833-LCB** |
| | ) | |
| **WEST MORGAN-EAST** | ) | |
| **LAWRENCE WATER AND** | ) | |
| **SEWER AUTHORITY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION & ORDER

Before the Court is Plaintiffs' Motion to Approve Minor Settlement. (Doc. 131.)  The Court held oral argument on November 17, 2022.  Counsel and the parents/legal guardians of the minor, C.R., appeared before the Court. The Court, having heard from Plaintiffs and counsel, and after conducting an evidentiary hearing, hereby **GRANTS** the Motion to Approve Minor Settlement. (Doc. 131.)

Alabama law requires that a court hold a fairness hearing before a minor plaintiff's case may be settled. *Large v. Hayes*, 534 So. 2d 1101, 1105 (Ala. 1988). This is a rule of substantive law, which must be applied by federal courts sitting in diversity. *Burke v. Smith*, 252 F.3d 1260, 1266 (11th Cir. 2001). In order for the settlement to be binding on the minor, the hearing must involve

"'examination or investigation into the facts.'" *Abernathy v. Colbert Cnty. Hosp. Bd.,* 388 So. 2d 1207, 1209 (Ala. 1980) (quoting 42 Am.Jur.2d Infants § 47 (1978)).

Federal Rule of Civil Procedure 17(c)(1) authorizes a "general guardian" to "sue or defend on behalf of a minor." Rule 17(c)(2) provides that a minor without "a duly appointed representative may sue by next friend or by guardian ad litem," and that the Court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Although these rules do not expressly address when the Court should appoint a guardian ad litem to represent a minor who is already represented by a parent in litigation, the Eleventh Circuit has held that "unless a conflict of interest exists between the representative and minor, a district court need not even consider the question whether a guardian ad litem should be appointed." *Burke*, 252 F.3d at 1264. In *Burke*, the Eleventh Circuit explained that "when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest." *Id*.

The Court hereby finds that no conflict of interest exists, that the parents/legal guardians represent the minor child's best interests, and that no guardian ad litem is needed. The Court further finds that the settlement as proposed at the hearing on November 17, 2022, is fair, reasonable, and in the best interest of the minor child. Thus, the proposed settlement warrants Court approval.

Accordingly, the Motion to Approve Minor Settlement is **GRANTED,** and the proposed settlement is approved. (Doc. 131.)

**DONE** and **ORDERED** November 17, 2022.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

3